UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOBBY DARRELL COLBERT,

        Petitioner,

v.

KAREN ARNOLD,

        Respondent.

Case No. 2:25-cv-01768-JCC-TLF

REPORT AND RECOMMENDATION

Noted for October 24, 2025

Petitioner Bobby Darrell Colbert is a state prisoner who is confined at the Stafford Creek Corrections Center in Aberdeen, Washington. Dkt. 1-2. Petitioner has filed a motion to proceed *in forma pauperis* (Dkt. 1) along with a proposed petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1-2) , proposed motions seeking leave for certificate (Dkts. 1-4, 3) and requests for judicial notice (Dkts. 1-5, 5). In his proposed § 2241 habeas petition, petitioner contends his Fourteenth Amendment rights were violated because the Skagit County Superior Court imposed a judgment and sentence without subject matter jurisdiction. Dkt. 1-2. Petitioner has filed several other federal habeas petitions relating to the same judgment.

Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must review a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

REPORT AND RECOMMENDATION - 1

After reviewing the petition filed in this matter and petitioner's prior petitions, the undersigned recommends that the Court find this is a successive petition over which the Court lacks jurisdiction and should dismiss the petition without prejudice.

DISCUSSION

This petition was filed on September 12, 2025. *See* Dkt. 1-2. The petition relates to the judgment and sentence entered under Skagit County Superior Court case number 04-1-00497-6. *Id.* at 2. Petitioner alleges his Fourteenth Amendment rights were violated because the Skagit County Superior Court imposed a judgment and sentence without subject matter jurisdiction. *Id.* He appears to argue that no probable cause determination was made within 48 hours after his arrest, that no complaint was filed and no arrest warrant issued, and that therefore the Skagit County Superior Court lacked subject matter jurisdiction to impose a judgment and sentence in his case. Dkts. 1-3, 1-6.

The Ninth Circuit has determined that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Therefore, this petition is properly construed as brought pursuant to § 2254.

A review of this Court's records reveals that petitioner has filed or submitted at least ten other federal habeas petitions challenging his conviction under Skagit County Superior Court Case No. 04-1-00497-6. *See Colbert v. McDonald*, C08-0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe*, C12-0563-RAJ; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ;

REPORT AND RECOMMENDATION - 2

1   *Colbert v. Bennett*, C23-1122-JNW; *Colbert v. Bennett*, C24- 0889-LK; *Colbert v.*

2   *Bennett*, C24-1002-DGE; *Colbert v. Bennett*, C24-1439-DGE.

3      28 U.S.C. § 2244 provides, in relevant part:

> (a) *No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus*, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244 (emphasis added).

   Here, petitioner has filed previous § 2254 federal habeas petitions challenging the same judgment at issue here which have been dismissed with prejudice on the

REPORT AND RECOMMENDATION - 3

1. merits. See 28 U.S.C. § 2244(a); *Colbert v. McDonald*, C08- 0870-RSL; *Colbert v. Sinclair*, C11-00076-RSM. And petitioner's subsequent petitions were deemed successive and either transferred to the Ninth Circuit as second or successive petitions or dismissed for lack of jurisdiction. *Colbert v. Glebe*, C12-0563-RAJ; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ; *Colbert v. Bennett*, C23-1122-JNW; *Colbert v. Bennett*, C24- 0889-LK; *Colbert v. Bennett*, C24-1002-DGE; *Colbert v. Bennett*, C24-1439-DGE.

The Court notes there is no basis to find the claim petitioner raises in the instant petition was unripe or could not have been adjudicated on the merits in his first habeas petition. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (indicating a petition is second or successive if it raises claims that were or could have been adjudicated on the merits). Petitioner fails to show (1) that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or (2) that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(2). The Court should therefore find the petition is a second or successive petition under 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a).

This Court has no jurisdiction to consider a successive petition unless the Ninth Circuit has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); *see Burton v. Stewart*, 549 U.S. 147, 157 (2007) (finding that the district court lacked jurisdiction to consider

REPORT AND RECOMMENDATION - 4

the merits of a second or successive petition absent prior authorization from the circuit court). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, the Court should DISMISS the petition without prejudice for lack of jurisdiction.

Petitioner's motion to proceed *in forma pauperis* (Dkt. 1), proposed motions seeking leave for certificate (Dkts. 1-4, 3), and requests for judicial notice (Dkt. 1-5, 5) should be DENIED as moot.

## CERTIFICATION OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court should find that petitioner is not entitled to a certificate of appealability here, as jurists of reason could not disagree, and the issues are not adequate to deserve this Court's encouragement.

## CONCLUSION

For those reasons, the undersigned recommends that the Court DISMISS the petition for writ of habeas corpus without prejudice for lack of jurisdiction. Petitioner's motion to proceed IFP (Dkt. 1), proposed motions seeking leave for certificate (Dkts. 1-4, 3), and requests for judicial notice (Dkt. 1-5, 5) should be DENIED as moot. A

REPORT AND RECOMMENDATION - 5

1  certificate of appealability should be denied. A proposed order and proposed judgment
2  are attached.
3      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall
4  have 14 days from service of this report to file written objections. *See also* Fed. R. Civ.
5  P. 6. Failure to file objections will result in a waiver of those objections for purposes of
6  de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a
7  waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140,
8  142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).
9  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to
10 set the matter for consideration on **October 24, 2025**, as noted in the caption.

Dated this 9th day of October, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6